**Sarbjit SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72388.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 19, 2010.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sarbjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying Singh's applications for asylum, withholding of removal, and relief under the Convention

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination because Singh's asylum application, which included a declaration, is materially inconsistent with his testimony regarding alleged incidents of past persecution. Singh failed to provide a reasonable explanation for these inconsistencies, and the inconsistencies go to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). In the absence of credible testimony, Singh failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same evidence that the IJ and BIA found not credible, and he fails to cite to specific evidence in the record to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1157.

Singh's motion to strike his original opening brief is granted.

**PETITION FOR REVIEW DENIED.**